**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG ALLEN,<br><br>             Plaintiff<br><br>vs.<br><br>WORLDWIDE FLIGHT SERVICES, INC., a foreign corporation,<br><br>             Defendant. | Case No.: 2:21-cv-00102-KJD-DJA<br><br>**[PROPOSED]** STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER |

### SPECIAL SCHEDULING REVIEW REQUESTED

Plaintiff, CRAIG ALLEN ("Plaintiff"), by and through his attorneys of record, and Defendant WORLDWIDE FLIGHT SERVICES, INC. ("Defendant"), by and through its attorneys of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26, as well as LR 16-1 and 26-1. It is hereby requested that the Court enter the following discovery plan and scheduling order:

**1.   Discovery Plan**

| | |
|---|---|
| Discovery Cut-Off | **8/30/2021** (180 days from the date Defendant filed its Answer, 3/1/2021)* |

---

* 180 days after 3/1/2021 is Saturday, August 28, 2021. The next judicial day is Monday, August 30, 2021.

1                                                                                          KRB/86

| | |
|---|---|
| Deadline to Amend Pleadings | **6/1/2021** (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **7/1/2021** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **8/2/2021** (30 days after the Initial Disclosure of Experts)[*] |
| Deadline to File Dispositive Motions | **9/29/2021** (30 days after the close of discovery) |

**2.	Pre-Trial Order:** The Parties shall file a joint pretrial order no later than **10/29/2021** or thirty (30) days after the date set for filing dispositive motions. In the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

**3.	Initial Disclosures:** The Parties will serve their initial disclosures on or before 3/26/2021. Any party seeking damages shall comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

**4.	Extension of Discovery Deadline:** Requests to extend the discovery shall comply fully with LR 26-4 [26-3]. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

   a.	A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

   b.	A specific description of the discovery which remains to be completed;

---

[*] 180 days after 7/1/2021 is Saturday, July 31, 2021. The next judicial day is Monday, August 2, 2021.

2	KRB/86

   c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

   d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the Parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

  **5.** **Electronically Stored Information ("ESI"):** The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable. The Parties further agree that the "parent-child relationships" between documents will be preserved when documents are produced (e.g., e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable.

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary. As discovery progresses, the Parties agree to work together to establish any necessary ESI protocols related to any ESI that may be produced or discoverable in this matter. This agreement only determines the format in which the Parties produce documents; it does not affect any other right of any Party.

  **6.** **LR 26-1(b) Certifications:** The Parties certify that they have considered consenting to trial by magistrate judge and use of the Short Trial Program. The Parties further certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and early neutral evaluation.

///

///

3      KRB/86

**7.     Electronic Service:** The Parties agree to accept electronic service of discovery requests and responses and other papers via email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that any discovery provided in electronic format at trial will be compatible with the Court's electronic jury evidence display system pursuant to LR 26-1(b)(9).

**8.     Protective Orders:** Any Party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.

**9.     Statement of Reasons Why Longer or Different Time Periods Should Apply to this Case:** The Parties propose a discovery schedule in excess of the standard 180 days from the date of a defendant's first appearance. *See* LR 26-1(b)(1). Rather than 180 days from the date of Defendant's first appearance, the Parties propose that the discovery period be 180 days from the date of the Defendant's Answer. The primary reason for this is the procedural history of the case. As this Court is aware, this case originated in Oklahoma and was transferred to Nevada following a Motion to Dismiss filed by Defendant. That Motion was filed in Oklahoma on October 21, 2020 and constitutes the first "appearance" by Defendant. However, 180 days from October 21, 2020 would be April 19, 2021. Obviously, this is an unfeasible deadline for the close of discovery. Therefore, the Parties agree and propose that the standard 180 days of discovery be used, but that the 180 days be counted from the date Defendant filed its Answer in Nevada, March 1, 2021. The Parties affirm that this deviation from the standard 180 days from the date of a defendant's first appearance is sought in good faith and not for the purposes of delay. Based on

the foregoing, the Parties request that the Court grant the discovery plan and proposed herein. If the Court has questions regarding the dates proposed by the Parties, the Parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the Parties do not request a conference with the Court.

**IT IS SO STIPULATED.**

Dated: March 9th, 2021                              Dated: March 9th, 2021

ALVERSON TAYLOR & SANDERS            LOUIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ David M. Sexton*                           By: */s/ James E. Murphy*
    Kurt R. Bonds, Esq.                               Josh Cole Aicklen, Esq.
    Nevada Bar No. 6228                               Nevada Bar No. 7254
    David M. Sexton, Esq.                             James E. Murphy, Esq.
    Nevada Bar No. 14951                              Nevada Bar No. 8586
    6605 Grand Montecito Parkway                      6385 S. Rainbow Boulevard
    Suite 200                                         Suite 600
    Las Vegas, Nevada 89149                           Las Vegas, Nevada 89118
    *Attorneys for Plaintiff*                         *Attorneys for Defendant*

### SCHEDULING ORDER

The above-set stipulated Discovery Plan of the Parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

**IT IS SO ORDERED.**

DATED this 10th day of March, 2021

_____
UNITED STATES MAGISTRATE JUDGE

N:\CLIENTS\86\Allen-worldwide\Proposed Discovery Plan and Scheduling Order.docx