UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Craig Allen, | Case No. 2:21-cv-00102-KJD-DJA |
| Plaintiff, | ORDER |
| v. | |
| Worldwide Flight Services, Inc., | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witness Kevin Kirkendall's Testimony Pursuant to F.R.E. 702 (#28). Plaintiff responded in opposition (#30) to which Defendant replied (#31).

I.  Factual and Procedural Background

This action arises from a motor vehicle accident which occurred on October 14, 2018 in Las Vegas, Nevada. Plaintiff Craig Allen ("Allen"), at the time was an American Airlines pilot, and was being transported by Defendant Worldwide Flight Services, Inc. ("WFS") when Defendant rear-ended another car. Allen alleges personal injury as a result of the accident, and a loss of income and future earning capacity. Allen specifically alleges that his career as a pilot was cut short and that he is no longer able to fly a commercial aircraft.

Allen designated Mr. Kevin Kirkendall ("Kirkendall") as an economist expert witness to opine about Allen's future lost earnings. (#28-2, at 3). The future earnings amount is made up of salary and employer 401(k) contributions and benefits from American Airlines. Id. at 9-10. Kirkendall calculates that but for the subject loss, Allen would have $1,394,728.00 in future earnings and benefits like paid leave, supplemental pay, medical insurance, and legally required benefits. Id.

Critical to this opinion regarding future earnings is the assumption that American Airlines

will provide the pay and benefits. Kirkendall's opinion is based entirely on Allen's American Airlines paystubs and communications with Allen. Id. Allen has a remaining work life expectancy of 5.43 years, and that timeframe spans from January 3, 2022 (the date Kirkendall performed his calculations) through June 8, 2027. Id. at 13. By June 8, 2027, Allen will be 68.66 years old. Id. However, federal regulations require commercial airline pilots to retire at age 65. 49 U.S.C. § 44729.

WFS asks the Court to exclude or limit Kirkendall's opinion and argues the opinion is based on incorrect assumptions and speculation. (#28, at 5). Allen opposes that argument and asserts that the government could change the law that requires pilots to retire at age 65. (#30, at 5).

II.     Analysis

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

The Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barrier to opinion testimony." Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th Cir. 2001). "An expert witness–unlike other witnesses–is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline." Id. (citations and quotation marks omitted).

"The role of the Court is not to determine 'the correctness of the expert's conclusions but the soundness of his methodology.'" Great Western Air, LLC v. Cirrus Design Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3 (D. Nev. 2019). "The judge is supposed to screen the jury from unreliable nonsense opinions… [t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that

it would be helpful to a jury." Id. at 4.

The Court finds that Kirkendall's opinion is not reliable because he bases it on incorrect and implausible assumptions about Allen's retirement age. In his deposition Kirkendall was asked whether Allen would "have to be working for American for him to earn dime one in terms of salary, fringe benefits, health insurance, all from American during that that time frame… October 9, 2023 forward until… June 8, 2027?" Kirkendall responded, saying "[t]o get these exact figures based upon the variables that I have included, yes, that's what this contemplates." (#28-3, at 13). Kirkendall's opinion about Allen's future earnings is not reliable because there is no way in which Allen could work for American Airlines after he turns 65.

WFS argues that the current mandated retirement age as outlined in 49 U.S.C. § 44729 could be adjusted by Congress. (#30, at 5). Allen has not presented any evidence that Congress has even considered making an adjudgment. Allen's argument is based entirely on speculation.

The Court is tasked with screening the jury from unreliable opinions based on speculation or incorrect assumptions, and the Court finds this opinion is unreliable. Calculating future earnings beyond Allen's Congressionally mandated retirement age will not aid the jury in evaluating Allen's damages.

III.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Expert Witness Kevin Kirkendall's Opinion (#28) is **GRANTED.**

DATED this 13th day of March 2023.

_____
Kent J. Dawson
United States District Judge