UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Craig Allen,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Worldwide Flight Services, Inc.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-00102-KJD-DJA<br><br>ORDER |

　　　Presently before the Court is Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Prayer for Punitive Damages (#27). Plaintiff responded in opposition (#32) to which Defendant replied (#33).

　　　I.　　　Factual and Procedural Background

　　　This action arises from a motor vehicle accident which occurred on October 14, 2018 in Las Vegas, Nevada. (#1). Plaintiff Craig Allen ("Allen"), at the time was an American Airlines pilot, and was being transported via shuttle by Defendant Worldwide Flight Services, Inc. ("WFS") when Defendant rear-ended another car. (#1, at 2-3). Allen alleges personal injury as a result of the accident, and a loss of income and future earning capacity. Id. at 3. Allen specifically alleges that his career as a pilot was cut short and that he is no longer able to fly a commercial aircraft. Id.

　　　The shuttle was being driven by WFS employee Jamia Gilmore ("Gilmore"). (#32-2, at 3). Gilmore did not have any experience driving commercial vehicles prior to her employment with WFS. (#32-5). She was trained on how to drive the shuttle by WFS, and on her second day of training, she side-swiped another vehicle. (#32-7, at 1-2, #32-8). Despite the accident, she was still hired on to drive the shuttles. (#32-3, at 3). Gilmore's supervisor, Cassie Guillory ("Guillory") warned Gilmore about being more careful when driving and that the next time she

had an accident she would be dismissed. (#32-8).

Allen alleges WFS was negligent and seeks various kinds of damages from WFS, including punitive damages. (#1, at 4). WFS moves the Court to dismiss the claim for punitive damages, arguing that its conduct does not meet the high standard for awarding punitive damages.

II.     Analysis

**A. Legal Standard**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it[.]" Id. at 251. "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)).

Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct. Countrywide Home Loans, Inc. v. Thitchener, 192 P.3d 243, 252 (Nev. 2008). The Supreme Court of Nevada has

addressed the standards applicable to claims for punitive damages, which are set forth in NRS 42.001, 42.005, and 42.007:

> Before punitive damages may be recovered, NRS 42.005(1) requires clear and convincing evidence of either implied malice or oppression. Once the district court makes a threshold determination that a defendant's conduct is subject to this form of civil punishment, the decision to award punitive damages rests entirely within the jury's discretion.

Id. at 253. Therefore, the Court must make a threshold determination at the outset as to whether Plaintiff has set forth sufficient evidence that could support a jury finding, by clear and convincing evidence, that Defendant engaged in conduct amounting to malice or oppression. Clear and convincing evidence is proof beyond a mere preponderance of the evidence. See Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 957 (Nev. 1998).

NRS 42.001 defines malice and oppression:

> "Malice, express or implied" means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others.
>
> "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person.

NRS § 42.001 (2), (3). The statute also defines the term "conscious disregard," which "means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." NRS 42.001(1). This definition, the Nevada Supreme Court has held, is plain and unambiguous and, "at a minimum, must exceed mere recklessness or gross negligence." Countrywide, 192 P.3d at 255.

Finally, under NRS 42.007, an employer cannot be liable for punitive damages unless:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed the employee with a conscious disregard of the rights or safety of others;
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or
> (c) The employer is personally guilty of oppression, fraud or malice, express or implied.
> If the employer is a corporation, the employer is not liable for exemplary or punitive damages unless the elements of paragraph (a), (b) or (c) are met by an officer, director or managing agent of the

- 3 -

>corporation who was expressly authorized to direct or ratify the employee's conduct on behalf of the corporation.

NRS 42.007(1); see also Wright v. Watkins and Shepard Trucking, Inc., 2:11–CV–01575–LRH, 2014 WL 6388789, *6-7 (D. Nev. Nov. 14, 2014) (despite evidence of "written warnings" for driver's "prior violations of company rules," and that a trainer during a training session told driver to "use additional caution if he approached an accident scene or a vehicle pulled over to the side of the road," finding "no evidence on which a reasonable jury could find that" employer negligently hired or trained driver "with a conscious disregard of the safety of others," and "no evidence" that employer that "ratified" driver's "conduct or acted with malice in conscious disregard for the safety of others," and thus granting summary judgment on direct punitive damages claim against employer). The issue of whether a plaintiff has presented sufficient evidence to justify a punitive damages instruction at trial is a question of law for the Court. See Wicklife v. Fletcher Jones of Las Vegas, Inc., 99 Nev. 353, 356 (1983).

### B. Defendant's Motion for Summary Judgment

#### i.  NRS 42.001

Allen must set forth specific facts that demonstrate a genuine issue of material fact for trial regarding punitive damages, and he has not done so. Under NRS 42.001, Allen has not presented clear and convincing evidence of malice or oppression, conscious disregard, or despicable conduct. Allen argues that at the time of the accident, CFS had been put on actual notice that the driver, Gilmore, was not fit to drive a shuttle and was therefore posing an unreasonably dangerous risk. (#32, at 6). Allen also argues that Gilmore was looking at her phone at the time of the accident. Id. However, simple negligence does not meet the threshold required for punitive damages. Allen's failure to adduce facts that amount to malice or oppression entitles CFS to summary judgment on this issue.

#### ii.  NRS 42.007

Allen argues that he has presented sufficient facts to support an award of punitive damages against a corporation under NRS 47.007. (#32, at 7). Allen argues that Gilmore's supervisor, Guillory, knew of the accident Gilmore was involved in during her training and still allowed her

1  to work for CFS, thus consciously disregarding the safety of others and ratifying the conduct of
2  Gilmore. Id. at 8.
3      The Court finds that even viewing the evidence in light most favorable to Allen, there is no
4  genuine dispute of a material fact regarding whether Guillory had advance knowledge of
5  Gilmore being unfit to safely drive a shuttle and still hired her with a conscious disregard of the
6  safety of others. Allen is alleging only negligence, and although Gilmore was in an accident
7  during training, Allen has not presented any evidence that Gilmore was impaired or had a history
8  of impairment, or any other fact from which a jury could infer malice or despicable conduct.
9  Allen has made unsubstantiated and conclusory claims that Allen was on her phone at the time of
10 the accident, and even if she was, he has not presented evidence that WFS was on notice that she
11 used her phone while driving. A simple auto accident, however unfortunate, cannot give rise to a
12 claim for punitive damages against a corporation without more evidence demonstrating
13 conscious disregard.
14     III.    Conclusion
15     Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary
16 Judgment (#27) is **GRANTED.**
17     DATED this 13th day of March 2023.

_____
Kent J. Dawson
United States District Judge